Estate of Dell Hinds Higgins, Deceased, Sydney M. Higgins, Executor v. Commissioner.
Estate of Dell Hinds Higgins v. Commissioner
Docket No. 10891.
United States Tax Court
1950 Tax Ct. Memo LEXIS 185; 9 T.C.M. (CCH) 426; T.C.M. (RIA) 50131; June 2, 1950
George H. Stone, Esq., 1004 San Diego Trust & Savings Bldg., and William D. Morrison, Esq., 825 Bank of America Bldg., San Diego 1, Calif., for the petitioner. H. Arlo Melville, Esq., for the respondent. OPPER
Supplemental Opinion OPPER, Judge: This case, involving an estate tax deficiency of $29,009.69, is here on remand from the United States Court of Appeals for the Ninth Circuit. It was originally decided by memorandum opinion entered February 16, 1949 [8 TCM 190;], in respondent's favor, on the ground that decedent's transfer of property was includible in her estate under the Church and Spiegel cases. [1] An alternative determination that the same transfers were made by decedent in contemplation of her death was accordingly *186 left undisposed of. Presumably as a result of Public Law 378, 81st Cong., 1st Sess. (October 25, 1949), and pursuant to stipulation of the parties, the case has now been returned for us "to consider and determine whether the transfer in question was made by the decedent in contemplation of death within the meaning of Section 811(c) of the Internal Revenue Code." No additional evidentiary findings beyond those contained in the original memorandum opinion are necessary. We do, however, make the following additional ultimate finding of fact: "The transfers in question were not made by decedent in contemplation of her death." Although superficially it might appear that some of the elements indicate that decedent's impelling motive for the transfers was the thought of her own death, a more penetrating examination of the circumstances leads to the opposite factual conclusion. Thus decedent's physical condition which was bad at the time the transfers were made is shown to have improved thereafter so markedly that she lived for some *187 sixteen years. Her illness and disturbed state of mind are shown to have been more nearly the consequence of the primary motive which induced the transfers than to have been themselves its cause. It is easy to understand that decedent's marital difficulties would lead both to the physical results and to her conclusion that only by divesting herself of her property could she escape the continuous demands and threats of her then husband. That this is a reasonable inference is reinforced rather than weakened by the history of her physical condition. Similarly her reservation to herself of most of the income from the property as an effectuation of her wish to retain the enjoyment of the property while at the same time removing it from the danger of falling into her husband's hands is more consistent with a motive connected with life than with any other suggested by the record. And although her desire to make the transfer irrevocable is shown to have been dictated in part by estate tax consideration, it was equally an essential component of her basic motive to destroy the possibility that her husband by threats or other pressure could induce her to make the property available to him. *188 Under all the circumstances we are satisfied from the record that decedent's impelling, if not sole, motive in the original conception of the transfer was one connected with her life, namely, to be allowed to continue free from her husband's domination, and that under such circumstances it was not made in contemplation of death. Thomas C. Boswell, Exec., 37 B.T.A. 970. Decision will be entered under Rule 50. Footnotes
1. Commissioner v. Estate of Church, 335 U.S. 632; Estate of Spiegel v. Commissioner, 335 U.S. 701↩.